UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANTAO Z., | No. 1:26-cv-03254-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| WARDEN, | |
| Respondent. | |

Before the Court is Petitioner Yantao Z's [1]  ("Petitioner") petition for writ of

---

[1]The Court omits Petitioner's full name to protect sensitive personal

information. *See* Memorandum re: Privacy Concern Regarding Social Security and

Immigration Opinions, Committee on Court Administration and Case

Management, Judicial Conference of the United States (May 1, 2018),

https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION ~ 1

habeas corpus, ECF No. 1, and application for temporary restraining order, ECF No. 2. Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing. In opposition, Respondent contends Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). ECF No. 6. The Court disagrees. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is granted.

## BACKGROUND

Petitioner entered the United States in September 2023 and was arrested by Border Patrol agents in San Diego, California. ECF No. 6-2 at 4. A warrant was issued, but after a custody determination on September 19, 2023, he was released from custody on his own recognizance subject to certain release conditions. *Id*; ECF Nos. 6-3, 6-4, 6-5.

In October 2025, a Border Patrol target unit received information from an ICE tip line that a shipping business in Buffalo, New York, hired undocumented workers from China as delivery drivers. ECF No. 6-2 at 2. After conducting surveillance, on October 23, 2025, agents made a traffic stop of a vehicle driven by Petitioner, and he and his passenger were arrested. *Id.* In total, nine individuals were arrested as part of the investigation and traffic stop operation. *Id.*

On January 16, 2026, an immigration judge issued an Order of Removal and

ORDER GRANTING HABEAS PETITION ~ 2

ordered Petitioner be removed to China. ECF No. 6-1. Petitioner appealed the removal order. He has been detained since October 23, 2025 and seeks release while his appeal is pending or in the alternative, a bond hearing. ECF No. 1. He asserts violations of due process and the Immigration and Nationality Act.

ANALYSIS

*Habeas Corpus*

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

*Fifth Amendment Due Process Clause*

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due

ORDER GRANTING HABEAS PETITION ~ 3

Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

a. *Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

ORDER GRANTING HABEAS PETITION ~ 4

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. He has not been accused of any crime and Respondent has set forth no factual basis to restrict Petitioner's liberty. Accordingly, Court finds Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. His liberty interest is supported by his lack of criminal history, his employment and his ability to provide for his family. He has been transported from New York to California which has hampered his ability to communicate with his family, consult with legal counsel, and participate effectively in his appeal Accordingly, this factor weighs in favor of finding Petitioner has a significant

ORDER GRANTING HABEAS PETITION ~ 5

private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent does not dispute. *Hernandez*, 872 F.3d 976. Nor does Respondent claim Petitioner is a danger to the public or a flight risk. In fact, Petitioner has no criminal history and appears to have complied with his release conditions. Although an immigration judge issued a removal order, it is not a final order because Petitioner has appealed. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural

ORDER GRANTING HABEAS PETITION ~ 6

safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

All of the *Mathews* factors weigh in favor of Petitioner. The Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker before his detention but received neither. Respondent's due process argument relies on its argument regarding statutory construction of the INA. Respondent does not provide any specific justification for detaining Petitioner without hearing. On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing, at a minimum. *See Perera v. Jennings*, 599 F.Supp. 3d 736, 744 (N.D. Cal. 2022).

Having found due process requires a bond hearing, the Court need not analyze the issue of whether the INA was violated. However, it is noted that this Court joins countless other courts in concluding Respondent's argument that 1225(b) mandates Petitioner's continued detention without a bond hearing "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of

ORDER GRANTING HABEAS PETITION ~ 7

prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

Accordingly, IT IS HEREBY ORDERED:

1.    Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

**2.**    Petitioner's Application for Temporary Retraining Order, **ECF No. 2**, is **DENIED AS MOOT.**

3.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner (A# 244245783) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, lack of criminal history, harm to his family, and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance with this order, Respondent is ordered to immediately release Petitioner.

4.    Within two days of the date of the bond hearing, Respondent is

ORDER GRANTING HABEAS PETITION ~ 8

directed to file a notice in this court certifying compliance with this Order.

**IT IS SO ORDERED.**

DATED April 28, 2026



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 9